Argued October 9, reversed and remanded October 23, 1968

TINGEN, *Appellant, v.* TINGEN, *Respondent.*

446 P. 2d 185

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief was James E. Redman, Milwaukie.

*Howard I. Bobbitt,* Portland, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an appeal from the child custody portion of a decree of divorce granted to defendant. The mother was awarded custody of a boy, age 15, and the father was awarded custody of a girl, age 13, and two boys, ages 12 and 7. This court is required to try the suit anew on the record. ORS 19.125(3). In determining custody, we are required to consider the best interests of the children and the conduct and moral standards of the parties. ORS 107.100(1).

■ In determining the best interests of a child in a custody dispute the court ought to consider all the relevant factors. These, as we see them, would generally include: (1) the conduct of the parties; (2) the moral, emotional and physical fitness of the parties; (3) the comparative physical environments; (4) the emotional ties of the child to other family members; (5) the interest of the parties in, and attitude toward, the child; (6) the age, sex, and health of the child; (7) the desirability of continuing an existing relationship and environment; and (8) the preference of the child.

■ Best interest in custody matters should not be determined by isolating one of these variable factors and relying on it to the exclusion of other factors.

Rather, best interest should be determined upon these, and other, relevant factors by a weighing and balancing process, and not by treating any one of them as a fixed rule or standard.

The testimony as to the father concerned itself with his conduct toward the mother and only slightly as to his conduct toward the children. There was testimony that the father used physical force toward the mother. This is conduct which the husband does not deny categorically. Only limited testimony was permitted to be introduced relating to the extent and nature of the father's attendance at cockfighting and his operation of a gambling establishment.

The testimony of the plaintiff's witnesses was that the children were healthy and well cared for by the mother. Other testimony generally showed that the children were well adjusted in school and earned money for their clothes and school supplies. The mother's testimony was that she cared for them alone for three years while the husband was in Alaska, and that she was away from them only one night in 16 years. The testimony against her concerned itself largely with the unpleasantness between her and her husband; the extensive and possibly intemperate use of medication, prescribed by her physician; untidiness in performance of housekeeping and care of pets; and general quarrelsomeness and disagreeableness.

The testimony of the treating physician was that the mother's symptoms were diagnosed as anxiety reaction, premenstrual tension syndrome, and tension headache, and that these symptoms have been true physical problems brought on by emotional stress, anxiety, hostility, and frustration, and that they would be greatly, if not entirely, alleviated by settling her marital problems. He further testified that the medi-

cation taken was prescribed and used within allowable limits.

The father did not, other than in his cross-complaint, express an interest in having the custody of the children, but the mother expressed her desire to have custody. The testimony of a social worker was that when she asked for a family conference with the parents regarding one of the boys only the mother appeared. These are relevant factors to be considered, but standing alone they are not determinative of the interest of the respective parties in the children.

These children, particularly the three older, were examined and cross-examined extensively by counsel in the presence of the judge only. Their responses to the questions, coupled with their ages, are convincing that they are old enough to express an intelligent, meaningful, and well considered preference. Weight should be given to their choice of the mother unless the choice would be clearly against their best interest after all other relevant factors are weighed and balanced. The testimony of the children, together with that of the mother, would permit the conclusion that an affectionate, emotionally satisfying relationship existed among the children and between the children and the mother.

■ In determining custody we ought to consider the conduct establishing grounds for a divorce only if such conduct was, or would be, directly detrimental to the child. The conduct which would render a parent unfit to have custody must have some relevancy to the parent-child relationship, including having some negative effect on the child's upbringing. We find no such conduct or moral impediment as to make either party unfit as a custodian of the children.

■■ In evaluating testimony which was presented, we recognize that each of contesting parents has a competing desire to seek parental gratification through exclusive custody of the children. This competing desire may be in conflict with the best interest of the children. This court has long held that in this kind of case we must rely heavily on the appraisal of the testimony by the trial judge. *Coleman v. Coleman,* 236 Or 73, 386 P2d 811 (1963). In reviewing the trial court's appraisal of the testimony we must consider whether he fairly appraised and weighed the testimony as it bears on the factors relevant to the determination of the best interest of the child. We find that the trial judge in his opinion isolated factors pertaining to the mother's illness and accompanying behavior to the exclusion of other relevant factors in determining this issue of custody. We conclude by a weighing and balancing of all the relevant factors that the best interest of the children would be met by their being in the custody of their mother, subject to reasonable visitation by the father.

Reversed with instructions to modify the decree to award custody of the four children to the mother, with reasonable visitation by the father, and to determine support payments to be made by the father.