Argued February 17, affirmed March 25, 1971

McCUTCHAN, *Respondent, v.* McCUTCHAN, *Appellant.*

483 P2d 93

*Donald A. Bick,* Eugene, argued the cause for the appellant. With him on the brief were Bick, Monte, Joseph & McCool, Eugene.

*R. Conrad Schultz,* Eugene, argued the cause for respondent. With him on the brief were Hill & Schultz, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This appeal is from an order denying a change of custody of two children, seven and nine years of age, from their mother to their father.

The order was made in May 1970. The divorce was in the fall of 1967. The mother and father each have remarried. The father offers the children a stable home and a good family environment. He alleges a change of circumstances, primarily in that the mother's new husband moves from place to place and job to job, lacks sound judgment with reference to the children's upbringing, and has disrespect for the laws and morals of society, evidenced by a criminal record. Because the children's mother is married to this man and is subservient to him, the father says that the children's best interests will be served by changing the custody to himself.

The trial court hearing lasted two days and covers 292 pages of transcript. Some 10 witnesses were called. The principal thrust of the father's case, as might be expected, was against Mr. Granas, plaintiff's husband. This evidence went into detail about two crimes with which Granas was charged before he and the mother were married. One of these was reduced from a serious charge, after a jury deadlocked on a verdict, to a minor charge to which he pled guilty, and the other concerned failure to pay support for his children of his former marriage, to which he pled guilty and was placed on probation. To counter this, plaintiff produced evidence of the probation officer that Granas did exceptionally well on probation, and

that he has kept up his child support payments. Evidence showed that Granas has been involved in no difficulties with the law in two years of the new marriage, that he has steady employment with opportunity for advancement, and that he has been engaged in wholesome community activities such as 4-H club and Boy Scout work. Evidence from a school teacher and others indicated the children are doing well and are well cared for.

The father contends that the trial court had no substantial factual issues to determine, and quotes to us extensively from various authorities on child rearing to the effect that the children will be damaged by exposure to a person such as Mr. Granas. Certainly, if Granas is as bad as the father contends he is, association with him could well be detrimental to the children, but we do not agree with the father's contentions about there being no substantial factual issues. After reading the transcript we conclude that the trial court had some very substantial factual issues to determine with reference to the type of environment provided the children. We respect the factual findings of the trial judge who saw and heard the witnesses. *Gonyea v. Gonyea,* 232 Or 367, 375 P2d 808 (1962) ; *Bennehoff v. Bennehoff,* 209 Or 224, 304 P2d 1079 (1956) ; *Hannan v. Good Samaritan Hospital,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

However it is defined, the change of circumstances which will justify a change in custody must be quite real if the benefits from a change are to overcome the damage done to a child who is exposed to shifting parental figures. See n. 1 in *Smith v. Green,* 4 Or App 533, 534, 480 P2d 437 (1971), in which Dr. Andrew Watson, psychiatrist and professor of law,

was quoted as having said that stability is

" '* * * "practically the principal element in raising children, especially prepuberty ones," and that "a child can handle almost anything better than he can handle instability." Furthermore, Dr. Watson maintains that "poor parental models are easier to adapt to than ever shifting ones" * * *'."

We indorse the remarks of the trial judge in his letter of decision when he said that all persons concerned with the visitations of these children with their father should make a conscientious effort to prevent family difficulties from re-entering these relationships.

Affirmed.