Argued January 30, affirmed February 20, 1973

SARTY, *Appellant, v.* FORNEY (No. 65914),
*Respondent.*

506 P2d 535

*Robert E. Martin,* Portland, argued the cause and filed the brief for appellant.

*Frank P. Santos,* Oregon City, argued the cause for respondent. With him on the brief were Santos & Schneider, Oregon City.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C.J.

This appeal involves the custody of children. In 1967, when the plaintiff-father obtained a decree of divorce by default, he was awarded the custody of the three children of the parties, the mother being given visitation rights. At the time of the June 1972 hearing which gave rise to this appeal, the three children ranged in age from 8 to 13. The oldest and the youngest children are girls. After an extensive hearing the trial judge found that there had been a material change of circumstances which led him to the conclusion that the best long-range interests of the children would be served by transferring custody to the mother, with rights of visitation in the father.[1] From this order the father appeals.

A detailed opinion by an appellate court primarily serves three functions: (1) it tells the litigants why the court decides the appeal as it does; (2) it demonstrates to the members of the court and to the litigants that the court has reviewed the record or

---

[1] At the conclusion of the hearing the trial judge orally reviewed the evidence and gave in detail the reasons for his decision.

those portions of it relevant to the issues raised by the litigants, and that it has considered the issues raised in light of relevant statutory and case law; and (3) it provides guidance to bench and bar in their collective effort to resolve future problems of like nature.

■ The last function is probably less important when the opinion is that of an intermediate appellate court than when it is the opinion of a court of last resort.

■ There are several reasons, advanced with increasing frequency, for not publishing detailed opinions in all cases. We are here concerned with only one such reason—that in certain cases a detailed opinion has a potential for harm to persons involved which may outweigh the theoretical advantages. We think many child custody cases fall in this category, particularly since they are cases which by their very nature are determined primarily on factual rather than legal grounds. The incidents which give rise to child custody litigation are never pleasant, and often sordid. Such litigation tends to emphasize human weaknesses. While the published opinion of an appellate court in a custody case is rarely a "best seller," it is nevertheless a public record which can in later years come to the attention of the children who were the subject of the controversy.

■ In the case at bar the record does not disclose anything of a sordid nature on the part of either parent. Both appear to be interested in the children, and while both have had and may still have some problems, both appear through the record as basically fitting the description, "decent people." The circumstances of both have changed since the divorce. Our

review of the record in light of the standards laid down in *Tingen v. Tingen,* 251 Or 458, 446 P2d 185 (1968),[2] leads us to the conclusion that the trial judge was probably correct in changing custody from the father to the mother. We say "probably," because as the trial judge noted, little in life is certain, and probably among the least certain is the answer to the question, "Which of two basically normal parents who have terminated their marriage can best serve the interests of the children of both?"

We undoubtedly will from time to time find it advisable to publish detailed opinions in child custody cases. However, for the reasons stated above we do not intend doing so as a matter of course in all such cases.

Affirmed.

---

[2]
"* * * In determining custody, we are required to consider the best interests of the children and the conduct and moral standards of the parties * * *.

"In determining the best interests of a child in a custody dispute the court ought to consider all the relevant factors. These, as we see them, would generally include: (1) the conduct of the parties; (2) the moral, emotional and physical fitness of the parties; (3) the comparative physical environments; (4) the emotional ties of the child to other family members; (5) the interest of the parties in, and attitude toward, the child; (6) the age, sex, and health of the child; (7) the desirability of continuing an existing relationship and environment; and (8) the preference of the child." Tingen v. Tingen, 251 Or 458, 459, 446 P2d 185 (1968).

*See also,* Mace v. Mace, 9 Or App 435, 497 P2d 677 (1972).