Argued February 28, affirmed March 26, 1973

RUPP, *Respondent, v.* RUPP, *Appellant.*

507 P2d 1153

*Martin P. Gallagher,* Ontario, argued the cause for appellant. With him on the brief was Douglas G. Combs, Ontario.

*Paul J. Kelly, Jr.,* Legal Aid Service—Multnomah Bar Association, Inc., Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Plaintiff wife instituted suit for divorce, which was granted to her. In this appeal defendant husband challenges only that portion of the decree which award-

ed custody of the three minor children of the parties to the wife. We affirm.

At the time the suit was filed in August 1971, the parties had been married about seven and one-half years. The court awarded temporary custody of the children to the wife. Thereafter the husband filed a motion for an order granting him temporary custody. This was denied on November 2, 1971. Trial of the case was commenced on April 27, 1972, and was completed on June 16, 1972.

Witnesses appeared and testified in behalf of both parties. Plaintiff's welfare caseworker recommended that she be awarded custody of the children. A family counselor employed by the Department of Family Services of the Domestic Relations Court recommended that the husband be awarded custody.

The husband testified that if awarded custody of the children he planned to take them to live with him in Malheur County, where his parents operate a ranch near Ontario; that he intended to purchase a mobile home and park it next to his parents' house; and that his parents or sister, who lived nearby, would look after the children while he was away from home taking vocational training or at work.

The wife indicated that if she were awarded permanent custody she would continue to reside with the children in the same apartment in which she was then living. As previously mentioned the children had been in the custody of their mother since suit was filed, which was approximately one year before the final decree was entered.

After hearing a great volume of testimony on the issue of custody, the trial judge determined that the wife should be awarded permanent custody.

The court in reaching its decision indicated that the principal element in the case which tipped the scales in favor of the wife was the stability factor, namely, the harm that can result to young children when custody is shifted between or among parental figures. *See, Hogan v. Hogan,* 6 Or App 122, 486 P2d 1309 (1971); *McCutchan v. McCutchan,* 5 Or App 96, 483 P2d 93 (1971).

In a recent opinion, *Sarty v. Forney,* 12 Or App 251, 253, 506 P2d 535 (1973), we announced that, except in unusual situations, we would no longer write detailed opinions in child custody cases. We noted that "* * * in certain cases a detailed opinion has a potential for harm to persons involved which may outweigh the theoretical advantages."

This case presents no novel legal question. A detailed recitation of the evidence and the charges and countercharges would serve no purpose. We have examined the entire record and conclude, as did the trial judge, that the interests of these minor children would be best served by allowing them to remain with the mother.

Affirmed.