Argued October 4, affirmed November 5, 1973

## DOCKHAM, *Respondent, v.* DOCKHAM (No. 27401), *Appellant.*

515 P2d 430

*Ronald I. Gevurtz,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison.

Answer to appellant's brief filed by respondent, Sandra Mariam Dockham Rine, Bellevue, Washington, pro se.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an appeal from an order denying defendant-father's motion to change custody of a six-

(now seven) year-old son from his former wife to himself. . . . . . . . . . . . . . . . . .

The boy and the two other children of the parties were placed in the custody of the mother in a divorce decree in October 1970. Each of the parties remarried in 1972.

The boy at age of six had an I.Q. of 53 and the mental development of a child of three. He had been placed by his mother in a school and a home where retarded children were cared for and had been making good progress, considering his difficulties.

In his own home he had had trouble manifested by such things as pushing his brother's highchair (with the brother in it) into a creek, throwing a kitten into a fire, and spreading birdseed on the basement stairway, resulting in his grandfather's sliding, falling and breaking his back.

The defendant proposed to take the boy into his home where his new wife and her young children live. The new wife appears by education and experience to be capable of caring for the boy, but by reason of her job as a social worker it would not be she who would be caring for the boy much of the time. The parties and their new spouses displayed a marked dislike for each other. The record indicates defendant has had three successive attorneys since starting this change of custody proceeding. Plaintiff has had two, and represented herself on the appeal.

We have reviewed the transcript consisting of 509 pages and conclude that the trial judge was correct when he said at the conclusion of the protracted hearings:

"* * * [A]ll things being equal, the Court prefers to have children in the home of the natural

parent * * *. I would normally * * * change custody, but I'm not satisfied * * * there has been sufficient change of circumstances to justify it * * *."

While we have read the record, we see no point in detailing in this opinion the difficulties of these sincere people. *See Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973).

Affirmed.