Argued February 25, affirmed April 1, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
ELLIS (now known as SOLOMON), *Respondent, and*
ELLIS (No. 375-194), *Appellant.*

520 P2d 475

*Ronald Poole,* Roseburg, argued the cause and filed
the brief for appellant.

*John H. Clough,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

This is an appeal from the September 21, 1973, order of the Circuit Court for Multnomah County denying a motion by respondent husband for a permanent change of custody of the two minor children of the marriage, whose custody was awarded to petitioner by the decree of dissolution entered March 9, 1972.

We shall not here review the facts which appear in the record in this case. *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973). Suffice it to say respondent has alleged that there has been a gross change in the behavior of the children since the remarriage of the petitioner and that the facts and circumstances warrant a change in custody.

To support a motion for modification of custody the respondent herein has the burden of showing that a substantial change of circumstances and conditions has occurred since the prior order respecting custody and that the proposed change of custody would be in the best interests of the children. *A v A,* 15 Or App 353, 514 P2d 358, 515 P2d 730 (1973), Sup Ct *review denied* (1974); *Mace v. Mace,* 9 Or App 435, 497 P2d 677 (1972); *Bogh v. Lumbattis,* 203 Or 298, 280 P2d 398 (1955). In considering such a motion weight should be accorded to the decision of the trial judge who had the advantage of seeing and hearing the

witnesses. *Bennehoff v. Bennehoff*, 209 Or 224, 304 P2d 1079 (1956); *A v. A*, supra; *Mace v. Mace*, supra.

■ In accordance with the above principles, we have evaluated all the relevant factors, *Tingen v. Tingen*, 251 Or 458, 459, 446 P2d 185 (1968), and have concluded that respondent has not met the burden placed upon him. The testimony taken in this case and, particularly, the reports prepared by the University of Oregon Medical School Day Care Center Department, indicate that most of the problems experienced with the children are a result of both the breakup of this marriage and the subsequent attempts by the parties to obtain or retain custody. Further dislocation by a change of custody would, in our opinion, only result in additional damage to the children. *See A v. A*, supra; *McCutchan v. McCutchan*, 5 Or App 96, 483 P2d 93 (1971).

The order of the trial court is affirmed and the temporary restraining order imposed by this court is dissolved.

Affirmed.