Argued June 27, affirmed August 26, 1974

In the Matter of the Dissolution of the Marriage of

WESTENSKOW, *Respondent, and*

WESTENSKOW (No. 21910), *Appellant.*

525 P2d 1057

*Carl G. Helm,* La Grande, argued the cause and filed the brief for appellant.

*Gary J. Susak,* La Grande, argued the cause for respondent. With him on the brief were Carey & Gooding, La Grande.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is an appeal by the husband from portions of a dissolution decree, particularly the portion awarding custody of a six-year-old boy to the mother. In his brief he asserts also that $150 per month child support was unreasonable and that the property division made by the court was unreasonable.

At oral argument counsel for appellant-husband stated that the principal issue was custody of the child. The trial consumed two days in June 1973, one day in July 1973, and, for reasons not fully explained, was not concluded until December 11 and 12, 1973. The court rendered its written opinion on January 4, 1974. In that opinion the court carefully reviewed the testimony bearing on the award of custody as between the mother and father, properly having as its primary guideline the best interests of the child. There was evidence that the mother, though she held down a responsible, full-time private secretary's position and maintained a neat and attractive home, was a frequent patron of bars in La Grande and elsewhere and she on numerous occasions was in the company of other men. This evidence was introduced by testimony of the husband and by testimony of a private investigator from Portland, Oregon who maintained surveillance of the mother for periods totalling 21½ days. The mother denied any misconduct.

The mother has had the general responsibility for the child during the five-year marriage, including three separation periods, and has had custody pursuant to court order since the commencement of this proceeding in September 1972. One day per week visitation rights were accorded the husband by the court in April 1973 and these privileges had been exer-

cised by the father. There was no evidence of neglect of the child and a number of witnesses testified that the mother was a dependable and good mother and the child happy, well mannered and well adjusted.

The trial court in its opinion was somewhat critical of the social conduct of the mother. However, it concluded that her activities had not interfered with the care of the child or directly affected the welfare of the child. The court considered that, because both wife and husband were employed, a babysitter would be required for the child regardless of who was awarded the custody. The father testified that he had available a competent woman to care for the child during the working day. The trial court, however, concluded in view of the quantum of evidence that the petitioner was a dependable and good mother, that the custody should be awarded to her with liberal visitation privileges in the father, including having the child with him during the months of July and August each year. In allowing the father the long summer visitations, the court found that he had "a strong feeling of love and affection for the child and that the child will be benefited by visitation and association with the [father]. * * *"

■■ We review de novo on the record. ORS 19.125 (3). Whether the mother's conduct was sufficiently detrimental to the child to warrant placing custody with the father was a principal issue. The findings of the trial court on disputed issues of fact involving credibility of witnesses are entitled to "great weight" where the court had the opportunity to see and hear the witnesses. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 187, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

"* * * In reviewing the trial court's appraisal of the testimony we must consider whether [it] fairly appraised and weighed the testimony as it bears on the factors relevant to the determination of the best interest of the child. * * *" *Tingen v. Tingen*, 251 Or 458, 462, 446 P2d 185 (1968).

From our review of the record, we find the court fairly appraised and weighed the testimony in this case. We agree not only with the trial court's provisions for custody, but with the other provisions of the decree as well.

Affirmed.