Argued August 20, affirmed September 23, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
L, *Respondent, and* L (No. 390-189), *Appellant.*

526 P2d 491

*Henry Kane,* Beaverton, argued the cause for appellant. With him on the brief was John O. Denman, Beaverton.

*Eugene L. Parker,* Portland, argued the cause for respondent. With him on the brief was F. R. Cornilles, Portland.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

Respondent-wife appeals that portion of a divorce decree which awards to the petitioner-husband the custody of their children.

The award of child custody is not a reward for virtue and its denial is not a punishment for wrongdoing. As between contesting parents, both of whom are frequently incapable of living successfully within a marital union, the award of custody is seldom a clear choice between good and evil or between one parent who is fit and another who is unfit. It is more often a choice between two unsatisfactory situations. Yet choices must be made, and we do so based upon explicit standards, ORS 107.105 (1)(a),[1] *Tingen v. Tingen,* 251 Or 458, 446 P2d 185 (1968), and the exercise of subjective experiential judgment which judges

[1] ORS 107.105 (1)(a) provides in pertinent part:

"* * * In determining custody the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."

can only hope is reasonably trustworthy. This is such a case.

The parties, now in their early forties, were married in 1950. They have seven children, four of whom remain in the home. The unsatisfactory quality of the marriage has been manifested over the years by unwholesome conduct of each of the parties, but both appear to be sincerely motivated for the welfare of their children.

Temporary custody was awarded to the father. The father and the four dependent children appear to have developed a satisfactory living situation following an initial period of adjustment. The mother has visited the children after work three or four times a week regularly during the pendency of suit.

■ The wife asserts that the husband is unfit to have custody primarily because he had non-forcible sexual relations with the oldest daughter over a six-week period seven years ago when she was 16 years old. The daughter is now married and living outside the home. Such a history of incestual intimacy between the father and daughter would disqualify him as a custodial parent if there is any substantial chance of repetition or if the relationship of the father and children remains impaired. Neither appears to be the case. The intimacy was an isolated episode. Upon discovery, the husband and wife went promptly to their clergyman for advice and he referred them to a mental health agency. They undertook a program of mental health counseling from which the wife soon withdrew. The husband acknowledges the problem and exhibits a reasonably realistic self-assessment. No improper behavior toward the children has recurred in the past

seven years and we have no reason to expect that it might in the future.

The children are aware of the episode. The husband testified that for about three years thereafter his relationship with the older children was strained, but that they have worked through their problems and their present relationship seems unaffected by the ugliness which preceded it. The oldest daughter living in the home testified that there is no present problem between father and children. The custody study provided by the court staff indicates no present or potential problem and the children have indicated no preference as between the parents. We do not believe that there is a continuing impairment of the husband's effectiveness as a parent arising from the past event.

■ The wife points to her discovery of a number of pornographic tabloid publications in the husband's car shortly before the hearing. The husband denied possession, but the trial court disbelieved him. Such evidence, if true, indicates that the husband may continue to look to unwholesome outlets for his sexuality following an unsatisfactory marriage, but there is no showing that it affects his relationship with the children detrimentally. It is therefore not a pertinent consideration under ORS 107.105 (1)(a). *Goode v. Goode,* 4 Or App 34, 37, 476 P2d 805 (1970).

The wife's frequent visitation is commendable. We trust that it reflects a sincere desire to remain intensely involved with her children as they mature. It also enables the wife to perceive problems if they develop and, if changing circumstances warrant, to move to change custody.

██ Our recital of the assertions of the parties necessarily focuses on their potential disadvantages. The husband, however, displays positive parental qualities and the wife's conduct also evidences both strengths and weaknesses as a potential custodial parent. Her malefactions were less directly injurious to the children, but they occurred more recently and remain unacknowledged. The trial court took much evidence reflecting on her fitness and we have reviewed it fully, but it does no good to further recount the personal lives of the parties. *See Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973). We give great weight to the findings of the trial court who observed the parties and witnesses at firsthand. Also, due to our high concern for the desirability of stability in the custodial relationship of the children, *Rupp v. Rupp,* 12 Or App 567, 507 P2d 1153 (1973), we are disinclined to move the children unnecessarily. As the trial court noted:

"The problem the Court has it [sic] this, there has to be, and I have said this a number of times, some kind of continued stability, continuity of the home and the relationship, and Mr. L*** is now providing it.

"Mrs. L*** is also providing a substantial contact. She impresses the Court, aside from her testimony with respect to the facts in her relationship with Mr. X***, as being a very appropriate mother."

In view of all these considerations, we believe that the interests of the children will best be served by affirming the decree.

Affirmed.