Argued April 22, affirmed May 5, 1975

BUCHHOLZ, now known as COX, *Appellant, v.*
BUCHHOLZ (No. D-1819), *Respondent.*

534 P2d 1156

*Virginia R. Renwick,* Portland, argued the cause and filed the brief for appellant.

*Charles J. McClure,* Tigard, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This appeal is from an order which denied change of custody from father to mother of boys ten and nine years old. They had been awarded to their father's custody at the time of their parents' divorce four years earlier, on condition they would be in the care of their father's mother, with whom he lived. There had been one younger child, a girl, who in the interval was killed in a traffic accident. Both parents have remarried. The evidence disclosed that the father and his new wife were giving good care to the boys. It also showed that the mother had matured much in the past four years, and sincerely desired her boys' custody.

A stipulated social investigation was made by a consultant to the court, which we have reviewed. The consultant recommended the boys remain with their father. The court observed the admonition of ORS 107.105(1)(a):

"* * * In determining custody the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties * * *."

It also observed the elucidation of these standards in *Tingen v. Tingen,* 251 Or 458, 459-60, 446 P2d 185 (1968).[1]

[1] "In determining the best interests of a child in a custody dispute the court ought to consider all the relevant factors. These, as we see them, would generally include: (1) the conduct of the parties; (2) the moral, emotional and physical fitness of the parties; (3) the comparative physical environments; (4) the emotional ties of the child to other family members; (5) the interest of the parties in, and attitude toward, the child; (6) the age, sex, and health of the child; (7) the desirability of continuing an existing relationship and environment; and (8) the preference of the child.

"Best interest in custody matters should not be determined by isolating one of these variable factors and relying on it to the exclusion of other factors. Rather, best interest should be

We agree with the decision of the trial court, and quote therefrom:

"* * * Any time there is a workable arrangement that you can see building a foundation for the children's future, you try that. And therefore, I did award the children to the father with the condition that he live with his mother. And I think that the goal that I had in mind at that time has been accomplished. I think too, the present Mrs. Cox has matured. * * * [I]f this were the original hearing I think I would almost have to flip a coin today to decide where the children should go * * *. I think both of you have develped [sic] good relationships and you are kind of on an even keel. * * * I think the worse thing that I see happening to young people of this age group is moving from house to house. They just don't get any roots * * * I'm not going to change the custody in this case because I feel that the primary element here is what effect it would have upon these boys if I did. I think that they have a stable existence * * *."

Affirmed. Costs to neither party.

--------

determined upon these, and other, relevant factors by a weighing and balancing process, and not by treating any one of them as a fixed rule or standard."