Argued November 20, affirmed December 22, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HIGBY, *Appellant, and* HIGBY (No. 396039),
(CA 4359), *Respondent-Cross-Appellant.*

543 P2d 1098

*Norman L. Lindstedt,* Portland, argued the cause and filed the brief for appellant.

*Rod Kirkpatrick,* Portland, argued the cause and filed the briefs for respondent-cross-appellant.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

The wife appeals from an order denying her petition for modification of the custody provisions of the decree dissolving the marriage of the parties.

The husband cross-appeals from provisions of the same order denying husband's motion for termination of support for the wife and requiring wife to commence payment of child support.

We shall not here review in detail the facts of this case. *Sarty v. Forney*, 12 Or App 251, 506 P2d 535 (1973).

■ The evidence shows that wife has made substantial strides in adjusting to the dissolution and normalizing her life. The evidence also shows that the children, a girl age 11 and a boy age 8, are being well taken care of by the husband and his present wife in a good home in which the children are receiving love and affection, well balanced training, discipline and good physical care. After studying the record we agree with the trial judge that the evidence does not show a sufficient change of circumstances to warrant uprooting the children from their present stable environment where they have been living since January 24, 1974. *Ellis and Ellis,* 17 Or App 86, 520 P2d 475 (1974).

■ As to the husband's cross-appeal we do not believe, considering all the circumstances, that the support provisions of the original decree should be terminated for the remaining one year. Likewise we are not persuaded that the evidence establishes that the wife should be required to pay child support. While

the wife is now employed her financial position is still inadequate to require her to pay child support.

Applying the standards expressed in *Tingen v. Tingen,* 251 Or 458, 446 P2d 185 (1968), we reach the same conclusion as did the trial judge on all of the contested issues, including the further contentions of the husband that the wife's visitation rights be limited and that he should have been awarded attorney fees in the trial court.

Affirmed. No costs to either party.