Argued on reconsideration March 23, former opinion filed January 19, former opinion withdrawn; judgment affirmed June 21, 1976

WOLFF, *Appellant,*
*v.*
WOLFF, *Respondent.*
(No. 316-205, CA 4834)

550 P2d 1388

Argued on reconsideration March 23, 1976. Former opinion filed January 19, 1976, 24 Or App 79, 544 P2d 602.

*Carlton R. Reiter,* Portland, argued the cause for appellant. With him on the brief were George M. Joseph, Ann Morgenstern, and Reiter, Wall, Bricker & Zakovics, P.C., Portland.

*John D. Ryan,* Portland, argued the cause for respondent. With him on the brief was Richard G. Helzer, Portland.

**FORT, J.**

This child custody case is before us on a petition for reconsideration granted by the court sitting in banc. Rule 9.15, Rules of Procedure, Supreme Court and Court of Appeals of the State of Oregon. The issue on reconsideration is whether the facts in the case demonstrate the change in circumstances since the last custody order which is required before a court may modify the previous order. We withdraw our former opinion and now hold that there was not a sufficient change of circumstances in this case to justify modifying the previous custody order.

The parties were divorced in 1966, at which time the mother received custody of their two daughters, then approximately three and five years of age. In the summer of 1973 the mother asked the father and his second wife to care for the children since she was having serious physical and emotional problems. Later that summer the parties stipulated to the transfer of legal custody to the father and a court order based on the stipulation was entered on September 5, 1973.

Since then the mother has remarried and claims to have regained her physical and emotional health. She is now seeking to have the 1973 order changed and custody of the daughters transferred back to her.

Custody of children is determined on the basis of the best interests of those children. ORS 107.105(1)(a). A major consideration of Oregon courts is promoting stability in lives which have already been disrupted by the breakup of a family. *Ellenwood and Ellenwood,* 20 Or App 486, 488-90, n 1, 532 P2d 259 (1975). In order to limit further disruption, courts will not consider a change of custody unless the moving party first demonstrates that there has been a substantial change of circumstances since the previous custody order which has had a significant adverse impact on the children. *Crane v. Crane,* 17 Or App 637, 639, 523 P2d 596 (1974).

■■ We find that the requirement of a substantial change of circumstances has not been met here. The mother conceded that the father had given the children a good home. The children's physician, a school teacher and the court's family counselor all testified that the children were doing well with the father; the physician and the family counselor were familiar with both family situations and recommended that the children stay with the father. The mother's remarriage and improved physical and mental health do not constitute the required change of circumstances in the absence of evidence that the father's care for the children was deficient or otherwise detrimental to them. *Henrickson v. Henrickson,* 225 Or 398, 403, 358 P2d 507 (1961); *King v. King,* 10 Or App 324, 328, 500 P2d 267 (1972). The father's proposed move to Seattle is also not sufficient to constitute a change of circumstances, either alone or combined with the other factors. *See Rorer v. Rorer,* 10 Or App 479, 484, 500 P2d 734 (1972).

■ In our previous opinion we noted that the trial judge had talked with the daughters, then 9 and 12. They had expressed some preference for living with their mother, but their statements were equivocal. Such preferences are factors to consider in determining the best interests of the child. *Tingen v. Tingen,* 251 Or 458, 459, 446 P2d 185 (1968). Here the initial change of circumstances has not been demonstrated and the children's statements indicated no detrimental effect from living with their father.

■ In a custody matter where the trial court had the advantage of seeing and hearing the parties, we give great weight to its opinion. *L and L,* 18 Or App 642, 646, 526 P2d 491 (1974); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 187, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971); *Bennehoff v. Bennehoff,* 209 Or 224, 225-26, 304 P2d 1079 (1956). We affirm the trial court's order.

■■ On reconsideration the mother raised for the first

time the question of the trial court's jurisdiction to enter the 1973 order changing the custody from the mother to the father. She contended that the requirements of ORS 107.135(1)(a) were not met. ORS 107.135(1)(a) provides that the court may modify the custody provisions of a decree "upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons * * *." A motion is a request for an order of the court. The parties' written stipulation to the change of custody was presented to the court as a request for an order and constituted a motion within the intendment of the statute. ORS 15.030 provides that "[a] voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him." Both parties joined in the motion and both voluntarily submitted themselves to the jurisdiction of the court. The requirements of ORS 107.135(1)(a) were met and the stipulated order was valid.

We point out that no attack based upon fraud, misrepresentation or overreaching in the execution of the stipulation, the entry of the order or the physical transfer of the children to the home of the father and stepmother was ever made by the mother prior to her filing of the present motion for change of custody. Thus the order is entitled to and we accord it the validity the law requires.

Former opinion withdrawn; judgment affirmed. Costs to neither party.

**FOLEY, J.,** dissenting.

Because of health problems and emotional difficulties, the mother, after having custody of the two girls at all times since the 1966 divorce decree, placed them with the father in 1973. When she recovered her health, emotionally and physically, in 1975, she requested return of the girls. Father refused her and the hearing of May 1975, resulting in this appeal, followed.

The father at that time was preparing to move from Oregon to Seattle, Washington, and uproot the girls, then nearly 12 and 14. The girls expressed a preference to live with their mother with whom they had lived seven years since the divorce. They had lived less than two years with the father. I am convinced that the girls' present preference to live with their mother, the mother's recovery, the father's proposed move of the girls to Seattle, constituted a sufficient change of circumstances to warrant returning them to their mother. In my view the best interests of the girls and the stability of their lives would be best promoted by awarding them to their mother.

Lee, J., joins in this dissent.