Argued February 28, affirmed April 11, 1977

In the Matter of the Marriage of
McINTYRE, nka SALINAS, *Appellant,*
*and*
McINTYRE, *Respondent.*
(No. 75-523, CA 7009)
562 P2d 611

William C. Wolke, Roseburg, argued the cause for appellant. With him on the brief were Luoma, Kelley & Wolke, Roseburg.

Harrison R. Winston, Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The mother appeals the denial of her motion to change custody of her child, age 7. The marriage between the mother and father was dissolved on July 3, 1975 and custody was initially awarded to the mother. By stipulation, custody was changed to the father on September 2, 1975. As a practical matter, the child was at all times until April 20, 1976 in the physical custody of the father and under the primary care of the paternal grandparents. At that time the mother made the motion which is subject of this appeal and obtained ex parte an order awarding her temporary custody. On September 14, 1976 after a hearing the trial court dissolved the temporary order, denied the mother's motion and the child was again placed in the father's custody.

Since the custody order of September 2, 1975 the father and mother both remarried. The father subsequently separated from his second wife and his remarriage is in the process of dissolution. The temporary change of custody apparently resulted from allegations, made principally by the father's estranged second wife, of child abuse by the father against his stepson and the fact that on the basis of these allegations juvenile authorities placed the child whose custody is at issue in protective custody in a shelter home. All criminal charges against the father were subsequently dropped by the district attorney.

The hearing consisted primarily of conflicting testimony concerning allegations of child abuse by the father. The trial court was in a far better position to ascertain the credibility of witnesses and therefore we give great weight to its findings. *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977). While our review is confined to a review of a cold record, we concur with the trial court's conclusion that the allegations of child abuse were untrue, and that both the mother and father are loving, sensitive parents. The father may have been guilty of

being overly strict or harsh toward the stepson, but not to the extent that would constitute abuse. The trial court concluded that the mother's remarriage and the father's remarriage and subsequent separation were not circumstances warranting changing the preexisting custody relationship. We agree. No useful purpose is served by a further discussion of the evidence. *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973).

Affirmed.