Argued April 28, affirmed July 5, 1978

In the Matter of the Application of Janice Marie
Whitaker, aka Janice Marie Glerup, for a Writ of
Habeas Corpus for William Anthony Glerup,
WHITAKER, *Appellant,*
*v.*
GLERUP et ux, *Respondents.*

STATE ex rel WHITAKER, aka GLERUP, *Appellant,*
*v.*
GLERUP, *Respondent.*

In the Matter of the Establishment of Custody and
Support of William Anthony Glerup,
WHITAKER, aka GLERUP, *Appellant,*
*v.*
GLERUP, *Respondent.*
(No. 7229, CA 9393)
580 P2d 1073

Roscoe C. Nelson, Jr., Portland, argued the cause for appellant. With him on the brief were Nelson and Nelson, Portland, A. Duane Pinkerton II, and Cramer & Pinkerton, Burns.

Douglas G. Combs, Ontario, argued the cause for respondent/respondents. With him on the brief were Combs, Tharp & Pierce and Steven J. Pierce, Ontario.

Before Johnson, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

The sole issue in this case is custody of the six-year-old son born out of wedlock to petitioner-appellant mother and the respondent father.[1] Mother brought a petition for a writ of habeas corpus seeking return of her son, who was retained by the father after a weekend visitation. The trial court first entered a temporary order placing the child with the father *pendente lite* and then, following a full evidentiary hearing, entered a decree confirming custody in the father as being in the best interests of the child. The mother appeals. We affirm.

Mother first challenges the standard by which the trial court decided the case, *i.e.,* the "best interests of the child." She argues that, inasmuch as she had *de facto* custody of the child for 19 months by mutual agreement, the respondent was first required to show that there had been a "change of circumstances" justifying a change in custody. Such a change in circumstances, she argues, must be found to exist before any change of custody based upon the "best interests of the child" can be considered.

It is true that, once a child has been awarded to a parent, a substantial change of circumstances should be shown before custody can be changed. *See Niedert and Niedert,* 28 Or App 309, 559 P2d 515 (1977). However, this rule is only true if the initial custody decision was made in an appropriate legal proceeding. Where, as here, the original placing of the child with the mother was not made under the supervision of a court, there is no assurance that decision was made out of concern for the "best interests of the child." Had a court made the decision, such an assumption would be warranted. ORS 107.137.[2]

---

[1] Father has since married. His present wife was originally named a co-respondent, but the parties stipulated at trial to dismissal of the petition against her.

[2] "(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the

■ It follows that, inasmuch as this is the first *judicial* inquiry into custody, the only standard to be considered is the best interests of the child. It does not follow, however, that the *de facto* decision of the parties is irrelevant. Past custody is a factor to be considered in seeking a stable environment, and courts may consider such private decisions as evidence of the degree of corcern of the parties for their child.

We turn now to a *de novo* examination of the evidence. In making our examination, we have been mindful of the opportunity the trial court had to see the witnesses, which opportunity is particularly important in cases of this sort. *McCoy and McCoy,* 28 Or App 919, 924-25, 562 P2d 207 (1977).

■ We think that a detailed recitation of the evidence would serve no positive purpose. *See Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973). It is sufficient to say that, while neither is a perfect person, both parents love and would care for this child. We agree with the trial court that the father's situation holds out a promise of greater stability and, the other factors being equal, justifies placing the child with the father.

---

best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"(4) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or life style of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child."

The decree of the trial court is affirmed.

Affirmed.