In the Matter of the Marriage of
PADBURY,
*Appellant,*
*and*
PADBURY,
*Respondent.*

(No. D-10639, CA 16240)

612 P2d 321

Jeffrey D. Sapiro, Portland, argued the cause for appellant. On the brief were Lyle Banton and Banton & Fulkerson, P. C., Portland.

Lewis B. Hampton, Portland, argued the cause for respondent. With him on the brief was Bolliger, Hampton & Tarlow, P. C., Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Mother appeals the modification of decree entered by the trial court changing custody of the parties' 14-year-old son from mother to father. We reverse.

Pursuant to the original dissolution decree of August 12, 1977, mother was awarded custody of the parties' three children. Shortly after that decree was entered mother remarried and moved with the children to Butte, Montana. Almost immediately thereafter, father sought and obtained a modification of the visitation provisions of the decree based upon the move to Butte; he obtained extended visitations at Christmas, spring break and during the summer.

It was during the 1979 summer visit that this motion to modify was filed seeking custody of the middle child, Burke.[1] The motion was supported by affidavits of father and son indicating that Burke wanted to live with his father. Father also alleged that he had remarried and is able to care for his son.

All of the evidence indicates that both mother and father are loving parents who have excellent homes and family lives. Burke does very well in school, is involved in scouting and church-related activities and has a part-time job. He loves both of his parents. He has friends in both Oregon and Montana. He gets along well with his siblings and with his stepfather. His relationship with his stepmother and her children from a previous marriage is apparently not as well developed, but is satisfactory.

The trial court found that there was a substantial change of circumstances in: (1) the move to Montana; (2) the fact that Burke is two years older; and (3) the fact that Burke has formed a desire to live with his

---

[1] After the 1978 summer visit father sought a change of custody for the oldest son, Craig, based upon the expressed preference of the son to live with his father. However, after returning to Montana pending a hearing Craig decided he wanted to remain in Montana and the parties stipulated to the dismissal of that proceeding.

[535]

father. The court found it would be in the best interests of the child to live with his father and ordered a change of custody. The effect of the order was stayed pending appeal.

Although we review de novo, we give substantial weight to the findings of the trial court, particularly where child custody is involved. *Strom and Strom,* 37 Or App 767, 590 P2d 238 (1978); *Starin and Starin,* 29 Or App 557, 564 P2d 748, *rev den* (1977).

The parent seeking a change of custody must show *both* a substantial change of circumstances and that a modification would be in the best interests of the child. *Strom and Strom, supra* at 770; *Remillard and Remillard,* 30 Or App 1111, 569 P2d 651 (1977).

The change of circumstances required for a change of custody is a change "relevant to the capacity of the plaintiff or the custodial parent to properly take care of the child." *Greisamer and Greisamer,* 276 Or 397, 400, 555 P2d 28 (1976). It must be a change which was not contemplated at the time of the original decree, *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974), which has occurred since the last custody order and would enhance or have an adverse impact on the welfare of the child. *Henrickson v. Henrickson,* 225 Or 398, 358 P2d 507 (1961); *Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977); *Scott and Scott,* 31 Or App 975, 571 P2d 1281 (1977).

Looking at the underlying facts, which are not in dispute, we do not find a change of circumstances since the last modification which would justify changing custody. Obviously the fact that Burke is two years older is not a change which was not contemplated at the time of the original decree or the last modification; neither has it been shown that his increased age has affected the ability of either parent to care for him.

The move to Butte was apparently not contemplated at the time of the original decree, but a move by the custodial parent is not a change in circumstances

justifying a change in custody unless shown to be detrimental to the child. *Wolff v. Wolff,* 25 Or App 739, 550 P2d 1388 (1976). Aside from Burke's testimony that he likes Oregon better than Montana, there was no showing of detrimental effects from the move. Furthermore, the move had taken place prior to the last modification; in fact, it was the basis therefor. Father has remarried, but remarriage by itself is not sufficient to justify a change of custody. *Henrickson v. Henrickson, supra; Niedert and Niedert, supra; King v. King,* 10 Or App 324, 500 P2d 267 (1972).

The trial court's decision seems to rely most heavily upon the fact that Burke has expressed a desire to live with his father. The preference of the child is one factor to be considered in determining which custodial arrangement will be in the best interests of the child, *Tingen v. Tingen,* 251 Or 458, 446 P2d 185 (1968), but in the absence of other facts, that preference does not constitute a change of circumstances. Accordingly, we conclude, as we did in *Wolff v. Wolff, supra,* that

> "[h]ere the initial change of circumstances has not been demonstrated and the child['s] statements indicated no detrimental effect from living with [the custodial parent]." 25 Or App at 742.

There is no basis for changing the custody of Burke, and the motion to modify the decree should have been denied.

Reversed. Costs to appellant.