Argued and submitted July 28, reversed August 18, 1980

In the Matter of the Marriage of
QUACKENBUSH,
*Respondent,*
*and*
QUACKENBUSH,
*Appellant.*

(No. 77-11-272, CA 18000)

615 P2d 407

Charles F. Hinkle, Portland, argued the cause and filed the memorandum for appellant.

Ronald E. Hergert, Oregon City, argued the cause and filed the memorandum for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Mother appeals from an order changing physical custody of the parties' son from her to the father. [1]

The parties were married in 1960 and a decree of dissolution was entered in 1977. Father lives in California and mother resides in Oregon. There were two children of the marriage, a son, age 13 and a daughter, age 10. The dissolution decree awarded custody of the children to mother. In February of 1979, father petitioned for change of custody of both children. His petition was denied. On May 9, 1980, father sought change of custody of the son. After hearing, the trial court modified the decree and awarded custody of the son to father.

Mother is a microbiologist and father an endodontist. The evidence indicates that either parent would provide a loving, stable home for the son. From their testimony it is apparent that both are concerned for the welfare of their children. A child psychiatrist, who testified on behalf of father, concluded that either parent could carry out the parental relationship.

The trial judge based his decision on the fact that the son expressed a desire to live with father and in order to minimize son's possible resentment toward mother he ordered a change in custody.

In *Padbury and Padbury,* 46 Or App 533, 612 P2d 321 (1980), we reversed a change of custody of a child which had been based almost exclusively on the child's desire to live with the noncustodial parent. We indicated that there was not a sufficient change of circumstances to justify modification of the custody provisions of the decree. The same principle would apply here. There is no basis for concluding the present custody arrangement is detrimental to the child. There is no basis for changing custody.

Reversed.

---

[1] The court ordered that the child would remain in the legal custody of mother but physical custody and care of the child would be awarded to father. Neither party questions such an arrangement and we express no opinion as to its propriety.