In the Matter of the Marriage of

BRINK,
*Appellant,*
*and*

BRINK,
*Respondent.*

(81-0306; CA A33357)

706 P2d 1015

Larry T. Coady, Albany, argued the cause for appellant. With him on the brief were Nelson, Coady & Knower, Albany.

Clayton Patrick, Salem, argued the cause and filed the brief for respondent.

Before Gillete, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Mother appeals an order that modified an original custody award by changing custody of the parties' three minor children to father. Father's motion to modify was precipitated by mother and the children moving to California. His motion was in the alternative: to award him custody or that mother be required not to change her residence or that of the children from the Albany-Lebanon area without court approval. The trial court found that there had been a "significant change of circumstances" and awarded father custody. We review *de novo* and reverse.

The marriage of the parties was dissolved in 1981 in Linn County. Mother was awarded custody of the children. At that time, the trial court found:

"Both parties are fit and proper persons to have custody of the children, but considering the children's ages, sex, emotional ties, and potential disruption of the children's lives, as the most significant of all the factors considered, it is in the best interests of the children that they be placed in the custody of [mother]."

The decree provides that the "parties shall be required to provide prior notice to the other before moving from Linn County." There is no provision limiting or prohibiting mother and the children from moving.

In July, 1984, mother and the children moved to Dixon, California, the home of mother's parents. On the day of the move, she mailed father notice that she and the children had moved to California. Mother then filed a motion to modify the decree to allow father a greater period of summer visitation, in lieu of the weekend visitation schedule provided by the decree. Father then filed his motion to modify. At the time of the modification hearing, the children were six, nine and twelve.

The relevant evidence is not seriously disputed. After the dissolution, mother attended business college and obtained diplomas as a legal administrative assistant and a professional accountant. Her financial circumstances required her to have full-time employment. Because of her inability to find suitable employment in Linn County, she decided to move to California. She has significant ties there,

including her parents and life-long friends. She was optimistic about finding employment.

Father has remarried, and he and his new wife have an infant daughter. Since the dissolution he has reduced his working hours in order to spend more time with his family. He has regularly and consistently exercised his visitation rights with the children. The evidence is that the children get along with his present wife. Father called a psychiatrist, who testified that the children are closely attached to both mother and father, as well as to the paternal grandparents who also reside in Linn County. It was his opinion that it is in the children's best interests to remain in the Albany-Lebanon area. The basis of his opinion was:

> "Well, essentially they have a close attachment in addition to a close attachment to their mother, they have a close attachment to the father and grandparents that reside here. They have many friends in the area and they have been used to attending school in this area. And I think for those reasons, it would be, it would be difficult for them to have the same kind of contact with, particularly the significant family people if they were not in the area.
>
> "* * * * *
>
> "Well, my opinion is that it isn't in their best interests to move. I think that they have, I think that children generally speaking can adapt reasonably well to many situations, but I think that the removal from the frequency of contact that they have had with the father and paternal grandparents, it would be a significant loss for them."

The trial court found that moving to California was not in the best interests of the children:

> "I find that the move to California was detrimental to the children * * *. The reason that it was detrimental involved not only the disruption of the children's life in the sense of what was going on with them every day, but the regular, frequent visitation schedule with the father was a very significant fact in the overall dynamics for those children. And I suspect, now I am convinced that that was a significant factor in the overall life of the children."

A parent seeking to change custody must show (1) a substantial change of circumstances since the last custody order and (2) that a change in custody would be in the best interests of the child. *Padbury and Padbury,* 46 Or App 533,

536, 612 P2d 321 (1980). In *Greisamer and Greisamer,* 276 Or 397, 400, 555 P2d 28 (1976), the court discussed the two predicates necessary to change custody:

"Step one in the inquiry may be satisfied by showing that after the original decree awarding custody was entered, the custodial parent's circumstances made him less capable of providing care for the child, or that the circumstances of the plaintiff seeking a change in custody had improved, or that both such conditions arose following the initial decree.

"* * * * *

"The second step in the analysis requires an appraisal of the [noncustodial parent's] change in circumstances as it affects the best interests of the child. Such an appraisal necessarily calls for a comparison between the child's interest which will be served if it remains with the [custodial parent] and the child's interest which will be served if custody is awarded to the [noncustodial parent]." (Footnotes omitted.)

Father concedes that, had it not been for mother and the children moving to California, he would not have sought a custody change. Implicit in that is his acknowledgment that mother is qualified to have custody of the children. We have found nothing in the evidence to suggest that mother's parenting ability or her capacity to care properly for the children has diminished since the decree.[1] *See Boone and Boone,* 75 Or App 413, 706 P2d 205 (1985).

██ On the other hand, father has shown that his remarriage and reduced working hours have improved his ability to care for the children. He argues that those factors, when coupled with the move to California, constitute a substantial change of circumstances. Even assuming that all of these factors constitute the requisite change of circumstances,[2] we

---

[1] Father argues that it is relevant in analyzing a change of circumstances to examine the way that mother moved the children to California, *i.e.,* surreptitiously and without prior notice. We find that the circumstances of the move were an instance of poor judgment and nothing more.

[2] Standing alone, the fact the noncustodial parent is now better able to care for a child, or has remarried, is not a substantial change of circumstances. *Henrickson v. Henrickson,* 225 Or 398, 403, 358 P2d 507 (1961); *Padbury and Padbury, supra* 46 Or App at 537. In *Wolff and Wolff,* 25 Or App 739, 742, 550 P2d 1388 (1976), we determined that a proposed move out of the state by the custodial parent with the children did not constitute a change of circumstances, either alone or combined with the other factors. In *Padbury v. Padbury, supra,* 46 Or App at 536, we said that "a move by the custodial parent is not a change in circumstances justifying a change in custody unless shown to be detrimental to the child."

conclude that father has not shown that a change in custody is in the best interests of the children.

On the basis of our review of the evidence, we do not believe that father has carried his burden of showing that it is in the best interests of the children to change custody. Mother is well suited to care for the children. In *McCutchan v. McCutchan,* 5 Or App 96, 98, 483 P2d 93 (1971), we said:

> "[A] change of circumstances * * * must be quite real if the benefits from a change are to overcome the damage done to a child who is exposed to shifting parental figures."

Although the decision of the trial court as to the best interests of the child is highly persuasive, *Smith v. Smith,* 290 Or 567, 572, 624 P2d 114 (1980), in this case, maintaining the stability of the parental relationship is the overriding consideration. The move to California, although disruptive of father's visitation, can be, if the circumstances require, accommodated by a future adjustment in visitation rights. *See Boone and Boone, supra.*

Reversed; costs to wife.