Submitted on record and briefs January 5, remanded to trial court for entry of modified judgment February 28, 2001

Cherie M. CLOUGH,
*Appellant,*

*v.*

Glenn SILER,
aka Glenn Stafford,
*Respondent.*

(98-30127; CA A103747)

19 P3d 1003

Harrison Latto filed the brief for appellant.

Glenn Stafford filed the brief *pro se* for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

PER CURIAM

**PER CURIAM**

Mother appeals from a judgment awarding father custody of the parties' son. The judgment provides, in part, that father will have custody "so long as he continues to be married to his current wife." On *de novo* review, ORS 19.245(3), we agree with the trial court's fundamental determination that father should be awarded custody. A description of the facts and the reasoning underlying our holding in that respect would benefit neither the bench nor the bar. *See Sarty v. Forney*, 12 Or App 251, 253, 506 P2d 535 (1973). However, we conclude that that aspect of the judgment that expressly conditions father's custody on the continuation of his current marriage must be deleted. Although we perceive, and appreciate, the considerations that may well have led to the trial court's inclusion of that condition, nothing in the pertinent statutes or reported Oregon decisions sanctions the imposition of such an express condition. *See, e.g.*, ORS 109.103; ORS 107.137; ORS 107.105(1)(a).

Accordingly, the judgment must be modified to delete the phrase "so long as he continues to be married to his current wife."

Remanded to trial court for entry of modified judgment.