Argued December 18, 1974, affirmed January 27, 1975

In the Matter of Prince, Shauna Marie,
a Minor Child.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent, v.*
PRINCE, *Appellant.*

530 P2d 1251

*Richard B. Stinson, Jr.,* Aloha, argued the cause for appellant. With him on the brief was J. B. Smith, Aloha.

*Betsy Welch,* Senior Deputy District Attorney, Portland, argued the cause for respondent. With her on the brief was Harl Haas, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is a proceeding under ORS 419.523 et seq to terminate the parental rights of a mother to her two-year-old daughter. The mother, Miss Lea Prince, an unmarried woman, appeals from an order of the juvenile court which terminated her parental rights on the grounds that she had abandoned the child and was unfit by reason of conduct seriously detrimental to the child. The identity of the natural father of the child is not disclosed by the record. His possible parental rights are not involved in this proceeding.

On appeal the mother makes the following contentions:

(1) There was insufficient evidence to support the allegations in the petition and the order of the juvenile court; and

(2) The court erred in receiving into evidence and considering three reports by juvenile court personnel which were inadmissible because they contained extensive hearsay statements.

■ Miss Prince is now 19 years of age. Some months prior to the child's birth she had been sent to Hillcrest School of Oregon because of behavior problems. On her first foster placement (parole) out of Hillcrest in October 1971 she again developed behavior problems

and her parole was revoked. She was then placed in the White Shield Home for most of the pregnancy as well as after the birth of the child. She ran away from this home on several occasions. Thereafter she and the baby moved in with her mother and grandmother. When the grandmother expressed disapproval of Miss Prince's neglect of the baby, Miss Prince moved out. There followed a succession of joint placements of Miss Prince and the child in foster care homes, interspersed with brief stays with her own mother. In every case Miss Prince abandoned the baby and left, and someone else had to take over. Miss Prince was brought back to Hillcrest. Again she and the child were placed in a foster home situation, but again with the same results.

Miss Prince had not had the physical care of the child during 1974, except that just prior to the hearing she had the baby with her for several days.

We have examined the entire record and are satisfied that the evidence is more than sufficient to support the order of the trial judge terminating the parental rights of Miss Prince to this child. We reach the same conclusion as the trial judge that Miss Prince is either unwilling to, or incapable of, settling down and assuming responsibility for the daily care of her child. Little purpose would be served by detailing all the evidence concerning the circumstances surrounding Miss Prince's neglect and abandonment of this child, and the prolonged efforts by various welfare personnel to engender a mother-child relationship. With no other responsibilities to fulfill, in each case Miss Prince failed to fulfill her role to provide basic care. She ran away from her responsibilities to pursue her own pleasures and life style, leaving the child to be

cared for by others. During these repeated and successive absences, she says she lived with others in California and Oregon, most of whom she cannot or will not identify by last name or address. She has never assumed the responsibility and care of the child, except sporadically and for brief intervals only. On two occasions she placed the child for adoption by different individuals, then subsequently revoked her consent. We conclude that she forfeited her parental rights by her irresponsibility, and by her neglect and abandonment of her child. *State ex rel Juv. Dept. v. McMaster,* 18 Or App 1, 523 P2d 604, Sup Ct *review denied* (1974).

■ Lastly we consider Miss Prince's contention that the court erred in receiving into evidence and considering three reports by juvenile court personnel which were inadmissible because they contained extensive hearsay statements.

Exhibit 1 is the juvenile court "social file" of Lea Prince and her siblings. Exhibits 2 and 3 are Children's Services Division files. Exhibit 2 is the file pertaining to Miss Prince. Exhibit 3 pertains to Miss Prince's mother and former stepfather. All three exhibits were received in evidence by the trial judge under ORS 41.690[1] and ORS 43.370.

The admissibility of the above files was resisted

---

[1] ORS 41.690 provides:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

below on the ground that they contained extensive hearsay statements.

It is of course true that both business records and official records usually contain much information which would be classed as hearsay evidence and therefore inadmissible in absence of statutory authorization, unless all persons making the entries had personal knowledge of the information recorded and were called to testify. The purpose of the statutes making business and official records exceptions to the rule against hearsay is to permit the admission of records which have a guaranty of trustworthiness because they are kept in the regular course of business or kept by a public agency for its use in the performance of official duty, and therefore have fundamental reliability thereby. The great majority of cases concerning the admissibility of official records in judicial proceedings that have reached the appellate courts in this state have dealt with the issue of the confidentiality given those records by statute. The Oregon courts have held that when the state attempts to deprive an individual of personal rights such as child custody and parental rights the public agency may not deny access to confidential files. *See, Chandler v. State,* 230 Or 452, 370 P2d 626 (1962); *State v. Fleischman,* 10 Or App 22, 495 P2d 277, Sup Ct *review denied* (1972); and *State ex rel Juv. Dept. v. Lamar,* 7 Or App 132, 490 P2d 191 (1971).

Here ORS 419.567 (3) (b) expressly provides that juvenile court records may be utilized in proceedings directly connected with the juvenile, with the permission of the court.

We conclude that in a proceeding such as we are involved with here, Exhibit 1 was properly receivable

in evidence under both ORS 419.567 (3)(b) and ORS 43.370, and that Exhibits 2 and 3 were receivable under ORS 43.370.

ORS 419.567 (2) and (3) provide as follows:

"(2) Reports and other material relating to the child's history and prognosis are privileged and, except at the request of the child, shall not be disclosed directly or indirectly to anyone other than the judge of the juvenile court, those acting under his direction and to the attorneys of record for the child or his parent or guardian. The attorneys are entitled to examine and obtain copies of any reports or other material relating to the child's history and prognosis. Any attorney who examines or obtains copies of such reports or materials shall be responsible for preserving their confidentiality and shall return the copies to the court upon the conclusion of his involvement in the case.

"(3) No information appearing in the record of the case or in reports or other material relating to the child's history or prognosis may be disclosed to any person not described in subsection (2) of this section without the consent of the court, and no such information may be used in evidence in any proceeding to establish criminal or civil liability against the child, whether such proceeding occurs after the child has reached 18 years of age or otherwise, except for the following purposes:

"(a) In connection with a presentence investigation after the guilt of the child has been admitted or established in a criminal court.

"(b) In connection with a proceeding in another juvenile court concerning the child or an appeal from the juvenile court."

ORS 43.370 provides:

"Entries in public or other official records, including books, data processing devices and computers, made by a public officer of this state or

the United States in the performance of his duty or by another person in the performance of a duty specially enjoined by the law of either, are primary evidence of the facts stated."

The trial judge did not err in admitting the challenged files.

Affirmed.