Argued June 23, affirmed July 26, 1976

In the Matter of S.J., J.J., C.C.J., and H.J.J., Children
STATE OF OREGON, ex rel JUVENILE DEPART-
MENT OF POLK COUNTY AND S.J., J.J., C.C.J.,
and H.J.J., CHILDREN, *Respondents,*

*v.*

V.J.C., *Appellant.*

(No. J-1863, CA 5766)

552 P2d 254

*John S. Stone,* Dallas, argued the cause for appel-
lant. With him on the brief were Hayter, Shetterly,
Noble & Weiser, Dallas.

*David L. Slader,* Metropolitan Public Defender, Child Advocacy Project, Portland, argued the cause and filed the brief for respondent children.

No appearance by respondent Juvenile Department.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

This case involves four children, ages four through ten. The circuit court for Polk County by order terminated the parental rights of the putative fathers of the children after hearing and no appeal was taken from that order. Likewise, after hearing, the court terminated the parental rights of the mother in all four children. The mother appeals, assigning as error the admission into evidence of the Children's Services Division (CSD) file, admission of the testimony of an evaluating psychiatrist, and the court's determination that the evidence was sufficient to support termination.

■ With regard to the mother's first assignment of error, we have held that the CSD files may be admitted into evidence as an official record. ORS 43.370; *State ex rel Juv. Dept. v. Prince,* 20 Or App 213, 530 P2d 1251 (1975).

■■ The mother also assigns as error the admission of the testimony of Dr. Carl Morrison, psychiatrist, since she did not have the benefit of counsel prior to her participation in the interview. Counsel for the mother points to no authority requiring that she have counsel before voluntarily participating in an interview by a psychiatrist. She is, of course, entitled to counsel in a termination proceeding. *State v. Jamison,* 251 Or 114, 117, 444 P2d 15, 444 P2d 1005 (1968). However, here the termination proceedings were not commenced until some time after the psychiatric interview.

The mother's final contention is simply that the evidence did not warrant termination.

The children were removed from the mother's custody in June of 1972. At that time the mother and a male companion were found unconscious in the home. The house was littered with broken bottles, vomit and food. The children were running in and out of the house and climbing over their mother, the man, and the debris. After the children were placed in shelter

care, the mother disappeared and CSD was unable to locate her for two months. When she returned, visitation was arranged but the mother's appearances for visitation were sporadic. After December 1972, CSD's only contact with the mother during the following 14 months was when she suddenly appeared in September 1973 at the children's foster home. At another time she forced her way into their foster home with a knife, threatening to bomb it.

In January 1974, CSD made an intensive effort to engage the mother in visitation and to encourage her to accept a variety of services, including counseling, vocational training, homemaker assistance, and parenting class. The mother either rejected or failed to follow through with any of these services. The mother made no visits during the year prior to the filing of the termination proceedings in August of 1975.

In May 1974, the mother and her children were seen for the challenged interview by psychiatrist Dr. Carl Morrison. He found the mother to be retarded, with an I.Q. of 53. He was of the opinion that she does not have the intellectual capacity to care for a child of any age and that no amount of treatment or assistance would improve her parenting ability. Her failure to visit the children was due, he believed, to her inability to comprehend the significance of parental contact. There was testimony that the children are adoptable and Dr. Morrison testified that their need for a stable home is greater than that of an average child.

Our review compels us to concur with the trial court in decreeing termination of the mother's parental rights.

Affirmed.