Argued February 25, affirmed April 11, 1977

In the Matter of Karla Sue Scoles and Kay Ann Scoles,
Minor Children.
STATE ex rel JUVENILE DEPARTMENT OF
DESCHUTES COUNTY, *Respondent,*
*v.*
SCOLES, *Appellant.*
(No. 3142, CA 6960)

562 P2d 581

David M. Jaqua, Redmond, argued the cause for appellant. With him on the briefs were Bryant & Erickson and Keith L. Erickson, Redmond.

Glenda L. Green, Certified Law Student, Salem, argued the cause for respondent. With her on the brief

were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

Defendant-mother appeals from an order entered August 17, 1976, pursuant to ORS 419.523 et seq, terminating her parental rights to five-year-old twin daughters. The children involved had previously been determined to be within the jurisdiction of the juvenile court in March 1975 when it had been established that the conditions and circumstances of the home maintained by the defendant were such "as to endanger their physical, emotional and mental well-being * * *." ORS 419.476(1)(c). Divorced from defendant in August of 1974, the father of the twins has voluntarily relinquished his parental rights.

On appeal defendant contends that contrary to the finding of the court below the state has failed to establish that she is "unfit by reason of conduct or condition seriously detrimental to the child[ren] and integration of the child[ren] into [her] home * * * is improbable in the forseeable [sic] future due to conduct or conditions not likely to change * * *." ORS 419.523(2); 419.525(2).[1]

■■ Our review is de novo. ORS 19.125(3); 419.561(4). We are persuaded that the termination order should be affirmed. The preponderance of evidence included in that record[2] indicates that defendant does in fact

---

[1] *See State ex rel Juv. Dept. v. K.M.S.,* 26 Or App 219, 552 P2d 578, Sup Ct *review denied* (1976).

[2] In concluding the termination was justified in this case the circuit court apparently declined to consider two items of evidence offered by the state to which defendant had objected—the testimony of Dr. Russ Sardo, a clinical psychologist who examined both the defendant and the children at the request of the Children's Services Division (CSD) in order to assess the defendant's capacity to provide maternal care, and the CSD case file on the children.

This court has held on a number of occasions that CSD files may be admitted into evidence in a termination proceeding as an "official record." *State ex rel Juv. Dept. v. V.J.C.,* 26 Or App 231, 552 P2d 254 (1976); *State ex rel Juv. Dept. v. F.S.,* 26 Or App 209, 552 P2d 586, Sup Ct *review denied* (1976); *State ex rel Juv. Dept. v. Prince,* 20 Or App 213, 530 P2d 1251 (1975). At the time the file was offered in this case, however, the defendant specifically objected to its admission on the grounds that in addition to

suffer from an emotional and mental condition which leads her to conduct herself in a way that is seriously detrimental to the children involved, that this condition is not likely to change in the foreseeable future, and that the likelihood of the children's being successfully integrated into the mother's home in the future is very poor.

No useful purpose would be served by a detailed recitation of the regrettable circumstances upon which our decision is based; suffice it to say that we find ourselves in agreement with and adopt as our own the following portion of the decision entered below:

"* * * The chronicle of the girls is a long, sad saga of sixteen foster homes and inadequate parenting. The children have been under the aegis of various governmental agencies virtually their entire lives. Temporary care in foster home placement was on seven occasions at the instigation of the mother. Of the almost six years of their pitiable existence only sixteen months involve living in the mother's home and, then, with appropriate agency assistance. The excessive number of foster homes is not all the fault of the mother but the length of time within these homes is directly related to her inability and unwillingness to perform her legal, moral and parental responsibilities. The length of time of agency involvement in the lives of these young girls demonstrates that there is substantial likelihood that no

reports by CSD and juvenile court personnel it contained numerous items submitted by various private parties and agencies outside the state of Oregon which had merely been compiled by CSD. As the disputed file has not been made a part of the record forwarded and is not, therefore, available for our consideration in any case, the question of whether that file could or should have been considered as evidence in whole or in part is not one we are in a position to decide.

Having found that the weight of the evidence taken into account by the circuit court compels the termination of defendant's parental rights, we need not decide whether Dr. Sardo's testimony should also have been considered by the court despite the fact that prior to his examination of defendant both she and her CSD caseworker had entered into a signed agreement which expressly indicated that all information acquired in the course of the examination would be treated as confidential by both Dr. Sardo and CSD.

amount of assistance in the future will result in a change of conditions that will permit the successful integration of the twins into the mother's home.

"* * * It is the court's firm opinion that unless the children are given some stability and continuity of care their lives will be irreparably shattered * * *."

Affirmed.