Argued April 27, affirmed August 8, 1977

In the Matter of Wayne T., a Child.
STATE ex rel JUVENILE DEPARTMENT OF LANE
COUNTY AND WAYNE T., A CHILD, *Respondents,*
*v.*
THOMAS T., Father, *Appellant,*
and
JEANETTE T., Mother, *Appellant.*
(No. 9524, CA 6873)
567 P2d 135

Russell D. Bevans, Eugene, argued the cause for appellant Thomas T. With him on the brief was Bevans & McCullen, Eugene.

Laurie K. Smith, Eugene, argued the cause for appellant Jeannette T. With her on the brief was Frye, Speer & Smith, Lawyers, Eugene.

David L. Slader, Metropolitan Public Defender, Portland, argued the cause and filed the brief for respondent Wayne T., a child.

Lucy B. Schafer, Assistant District Attorney, Eugene, attorney for respondent State of Oregon, joined in the brief of respondent Wayne T., a child.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

■ The parents of a six-year-old boy appeal from an order terminating their parental rights. The petition which led to that order alleged both that appellants were "unfit" by reason of conduct seriously detrimental to the child—conduct "of an abusive or cruel nature"—not likely to change in the foreseeable future, and that they had "failed and neglected without reasonable and lawful cause to provide for the basic physical and psychological needs" of the child during the preceding year.[1] On appeal it is argued that the evidence produced below was not, contrary to the finding of the circuit court, sufficient to establish a

---

[1] "(2) The rights of the parent or parents may be terminated * * * if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the forseeable [sic] future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"* * * * *

"(b) Conduct toward any child of an abusive, cruel or sexual nature.

"* * * * *

"(e) Lack of effort of the parent to adjust his circumstances, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected.

"(3) The rights of the parent or parents may be terminated * * * if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for one year prior to the filing of a petition. In determining such failure or neglect, the court shall consider but is not limited to one or more of the following:

"(a) Failure to provide care or pay a reasonable portion of substitute physical care and maintenance if custody is lodged with others.

"(b) Failure to maintain regular visitation or other contact with the child which was designed and implemented in a plan to reunite the child with the parent.

"(c) Failure to contact or communicate with the child or with the custodian of the child. In making this determination, the court may disregard incidental visitations, communications or contributions." ORS 419.523(2), (3).

basis for termination. Our review is de novo. ORS 419.561(4); 19.125(3). We affirm.

As a preliminary matter appellant-father assigns as error the admission into evidence of the Children's Services Division "case file" concerning the child involved. Cognizant of this court's decision in *State ex rel Juv. Dept. v. Prince,* 20 Or App 213, 530 P2d 1251 (1975) in which a CSD case file was held to be admissible as an "official record,"[2] father points out that in this case at least some of the items included in the file offered—essentially a compilation of all records, reports and correspondence relating to the child dating from the time he was initially placed in the custody of the Division—do not in fact qualify as "official records" for the reason that the public official responsible for their incorporation into the file had neither personal knowledge of the information included therein nor a duty to verify that information.

A prerequisite to the use of any given entry in an official record as evidence in a court of this state is, as father asserts, that the official making the entry must have had either personal knowledge of the facts noted or a duty to ascertain the truth of those facts. In *Wynn v. Sundquist,* 259 Or 125, 485 P2d 1085 (1971) the Supreme Court found that an "investigation report" completed by a medical investigator for the Oregon State Board of Health was not admissible as an official record, holding as follows:

"Assuming, * * * that not only public 'records,' but also 'reports' by public officers made under duty imposed

---

2
    "Entries in public or other official records, including books, data processing devices and computers, made by a public officer of this state or the United States in the performance of his duty or by another person in the performance of a duty specially enjoined by the law of either, are primary evidence of the facts stated." ORS 43.370.

    In reliance upon the court's holding in *State ex rel Juv. Dept. v. Prince,* 20 Or App 213, 530 P2d 1251 (1975) the admission of a CSD case file as an official record was subsequently held to be proper without discussion in both *State ex rel Juv. Dept. v. V.J.C.,* 26 Or App 231, 552 P2d 254 (1976), and *State ex rel Juv. Dept. v. F.S.,* 26 Or App 209, 552 P2d 586, Sup Ct *review denied* (1976).

by statute, are admissible as an exception to the hearsay rule under either the Official Records Act (ORS 43.370) or the Business Records as Evidence Act (ORS 41.680), it is still required by the majority of courts that in order for a statement in such a report to be admissible, the person making the report must have had firsthand knowledge of the facts and the statement must be of such a nature that the person making the report, if called as a witness, could properly testify to the matters set forth in that statement. * * *

"Decisions by this court under the Business Records as Evidence Act are in accord with that limitation. * * *

"Decisions by this court under the Official Records Act, however, do not appear to decide this precise question. The only Oregon case cited by defendant on this point, *Finchum v. Lyons,* 247 Or 255, 263, 428 P2d 890 (1967), appears to be in accord with that view, however, since the apparent basis for holding that the pathologists' report was admissible in that case was not only that the record in question was an official record of another state, but also (at p 264) that 'it seems clear to us that the pathologists who make the examination would be competent to testify concerning their findings.' In a subsequent decision in that same case in * * * 255 Or 216, 465 P2d 708 (1970), * * * this court quoted with approval from *Allan v. Oceanside Lumber Co.,* 214 Or 27, 49, 328 P2d 327 (1958) * * * to the effect that in order to make an entry in a public record admissible under ORS 43.370 it is usually required that the officer making the entry *either* have had personal knowledge of the facts *or* that he had a duty of ascertaining the truth of such facts. In both *Allan* and *Finchum,* this court held that since there was neither proof of personal knowledge nor of a duty to ascertain the truth of the facts recorded, the documents involved in those cases were inadmissible."[3] 259 Or at 133-34.

Absent the requisite personal knowledge or duty of verification (*Wynn v. Sundquist, supra*) an item incorporated into the CSD case file would not, therefore, be admissible under ORS 43.370.

[3] *See also, Cramer v. Mengerhausen,* 275 Or 223, 550 P2d 740 (1976); *Snyder v. Portland Traction Co.,* 182 Or 344, 185 P2d 563 (1947); Annotation, 69 ALR2d 1148 (1960); Annotation, 42 ALR2d 752 (1955).

■ We did not intend in *Prince* to imply that any items included in a Children's Services Division personal file which do not themselves fall within the parameters of the hearsay exception created by ORS 43.370 are necessarily admissible in evidence under that provision solely by virtue of their incorporation into the file. The admissibility of each item included in the file must be judged individually. To the extent that *Prince* may have indicated otherwise such implication is expressly disapproved.

■■ Examination of the record forwarded indicates, however, that substantially all of the "evidence" included in the CSD case file is cumulative in light of the testimony produced, as well as the medical records introduced, without objection in the course of the hearing before the circuit court. We have not relied upon the case file, or any part thereof, in deciding this case. Review of the remaining evidence included in the record reveals to our satisfaction that the state did in fact establish, not only by a preponderance of the evidence,[4] but beyond any reasonable doubt both a history of "seriously detrimental" conduct unlikely to change in the foreseeable future, and an inexcusable failure to provide over the necessary one-year period. No useful purpose would be served by any discussion of the facts upon which this judgment is based. *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973).

Affirmed.

---

[4]
"A hearing shall be held by the court on the question of terminating the rights of the parent or parents. * * * The facts on the basis of which the rights of the parents are terminated, unless admitted, must be established by a preponderance of competent evidence * * *." ORS 419.525(2).

*See, State ex rel Juv. Dept. v. K.M.S.,* 26 Or App 219, 552 P2d 578, Sup Ct *review denied* (1976).