*[1099]
 
 SCHWAB, C. J.
 

 Mother appeals from the trial court’s order terminating her parental rights in two boys aged ten and eight. Mother contends on appeal (1) that the court erred in sustaining an objection to certain portions of her testimony; (2) that the court erred in allowing into evidence a file prepared by the Children’s Services Division (CSD); and (3) that there was insufficient evidence to justify the termination of her parental rights.
 

 In 1969, when the younger of the two children was one year old, both children were placed in temporary shelter care for approximately one month. In 1970, mother voluntarily placed the children in foster care in order to protect them from physical abuse by their father. In 1973, the children were made wards of the juvenile court and were formally committed to CSD for foster care. In 1974, the court continued wardship and ordered CSD to set forth what mother might do in order to have the custody of the children returned to her. Children’s Services Division proffered several plans to mother, but mother never responded to CSD’s suggestions. In February 1975, the court continued the wardship and on July 17, 1975, the court again continued the wardship and placed the children in the custody of their mother. Little more than one month later, on September 2,1975, a temporary commitment order was entered placing the children in foster care once more, and on January 30, 1976, the court continued the status of the children as wards of the court. On January 27,1976, CSD filed a petition to terminate the parental rights of mother and father.
 

 Hearings on the termination were held on four separate days — August 24, 25, and 26, and December 14, 1976. At the conclusion of the hearings the court terminated the parental rights of both parents and ordered the permanent commitment of the children to CSD. Only the mother has appealed.
 

 
 *[1100]
 
 Mother first contends that the trial court erred in sustaining an objection to her testimony as to matters which occurred between the August 26 hearing and the December 14 hearing. Mother’s parental rights were terminated pursuant to ORS 419.523(2) which provides for termination:
 

 "* * * [I]f the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change * * *.”
 

 Under ORS 419.523(2) any evidence either as to the conduct or condition of a parent or as to the likelihood of the integration of the child into the parent’s home in the foreseeable future is relevant and admissible in a determination of whether the parental rights of a parent should be terminated.
 
 See State ex rel Juv. Dept. v.
 
 Redmond, 17 Or App 408, 522 P2d 503 (1974);
 
 State ex rel Juv. Dept. v. Dee,
 
 19 Or App 193, 526 P2d 1036 (1974) . We find no support either in ORS ch 419 or in any case law for the proposition that any such evidence of conditions or conduct should be limited to the time prior to the initial hearing.
 

 At the hearing below, after the objection had been sustained to the question asking mother to testify as to developments between the August and December hearings, mother’s attorney made what he referred to as an "offer of proof” covering the substance of mother’s intended testimony. As our review in termination matters is de novo on the record,
 
 see State ex rel Juv. Dept. v. Martin,
 
 19 Or App 28, 526 P2d 647 (1974),
 
 reversed on other grounds
 
 271 Or 603, 533 P2d 780 (1975) , we will view the substance of the "offer of proof” as having been established at trial, accepting the mother’s testimony as credible. The issue then is whether evidence, including mother’s "offer of proof,” supports the termination order.
 

 
 *[1101]
 
 ORS 419.523(2) provides that in determining whether the conduct of the parents is seriously detrimental to the child and whether it is likely in the foreseeable future that the child will be integrated into the parent’s home:
 

 "* * * [T]he court shall consider but is not limited to the following:
 

 "(a) Emotional illness, mental illness or mental deficiency of the parent of such duration as to render it impossible to care for the child for extended periods of time.
 

 "(b) Conduct toward any child of an abusive, cruel or sexual nature.
 

 "(c) Addictive use of intoxicating liquors or narcotic or dangerous drugs.
 

 "(d) Physical neglect of the child.
 

 "(e) Lack of effort of the parent to adjust his circumstances, conduct or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected.”
 

 During the past six to seven years the children have been in mother’s custody only for one month — August, 1975. During that month the children were physically neglected by mother. The older child has behavioral problems with which mother was not able to cope, and the younger child does not see mother as a parental figure, but, rather, as a peer group figure. Over the course of the last three years numerous attempts have been made by CSD caseworkers to interest mother not only in the children’s activities and welfare, but also in various programs which could have provided mother with access to child-rearing methods which would enable her to raise the two children. Numerous times prior to the filing of the termination petition mother ignored or refused to participate in any such programs or plans suggested by CSD. There is no indication that any of these
 
 *[1102]
 
 conditions have changed or are likely to change in the foreseeable future. Accordingly we conclude that the court properly terminated mother’s parental rights.
 

 Our conclusion that mother’s parental rights should be terminated is not altered by the evidence contained in mother’s "offer of proof.” The only evidence in the "offer of proof’ pertaining to the two children is that there would be room in mother’s new house for the children. The remainder is concerned with mother’s relationship with the children of the man with whom she is living, and mother’s belief that "her situation is not chaotic.”
 

 Mother next contends that the file maintained by CSD on her and the children was improperly admitted into evidence. In
 
 State ex rel Juv. Dept. v. Prince,
 
 20 Or App 213, 530 P2d 1251 (1975), we held that a CSD case file may be properly admitted as an official record. In
 
 State ex rel Juv. Dept. v. Thomas T.,
 
 30 Or App 385, 390, 567 P2d 135 (1977), we held that:
 

 "We did not intend in
 
 Prince
 
 to imply that any items included in a Children’s Services Division personal file which do not themselves fall within the parameters of the hearsay exception created by ORS 43.370 are necessarily admissible in evidence under that provision solely by virtue of their incorporation into the file. The admissibility of each item included in the file must be judged individually. To the extent that
 
 Prince
 
 may have indicated otherwise such implication is expressly disapproved.”
 
 [1]
 

 Here mother’s objection to the introduction of the CSD file was in general terms and did not specify which portions of the file contained inadmissible hearsay or opinion evidence. When an objection is made to a voluminous document such as the CSD file
 
 *[1103]
 
 here, the objecting party has the duty to inform the court with particularity which portions of the document are inadmissible.
 
 [2]
 

 See
 
 McCormick, Evidence 115, § 52 (2d ed Cleary 1972).
 
 See generally, Goldfoot v. Lofgren,
 
 135 Or 533, 296 P 843 (1931). Mother’s general objection here did not so adequately inform the trial court. In any event the evidence, without the added weight of the CSD file, overwhelmingly supports termination.
 

 Affirmed.
 

 [1]
 

 ORS 43.370 provides:
 

 "Entries in public or other official records, including books, data processing devices and computers, made by a public officer of this state or the United States in the performance of his duty or by another person in the performance of a duty specially enjoined by the law of either, are primary evidence of the facts stated.”
 

 [2]
 

 A necessary corollary is that when such a document is offered, the opposing party must be given a reasonable time to examine it to determine whether an objection is appropriate.