Argued March 27, affirmed June 20, 1978

In the Matter of Kramer, Baby Girl, A Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY, *Respondent,*

*v.*

KRAMER, *Appellant.*

(No. 31,241-A, CA 8884)

580 P2d 211

William N. Mehlhaf, Portland, argued the cause and filed the brief for appellant.

Paul R. Romain, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

The parental rights of appellant and her husband in their daughter, born April 29, 1977, were terminated under ORS 419.523(2)[1]. He does not appeal. She argues that the trial court improperly admitted into evidence several Children's Services Division (CSD) files and written reports of expert witnesses who had already testified and that the evidence as a whole was insufficient to support termination.

Appellant's parental rights in five other children had previously been terminated, three in 1971 and two in May, 1977. The state offered into evidence CSD files regarding appellant, her husband and the five other children which had been prepared in connection with the earlier proceedings. There was evidence in each file bearing on appellant's or her husband's fitness as a parent. She objected to the admission of the files on two grounds. First, she argued that all the evidence relating to any child except the one in question in the present proceeding was immaterial. Second, she objected that each file contained items which were

---

[1] ORS 419.523(2):

"(2) The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"(a) Emotional illness, mental illness or mental deficiency of the parent of such duration as to render it impossible to care for the child for extended periods of time.

"(b) Conduct toward any child of an abusive, cruel or sexual nature.

"(c) Addictive use of intoxicating liquors or narcotic or dangerous drugs.

"(d) Physical neglect of the child.

"(e) Lack of effort of the parent to adjust his circumstances, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

prepared by an official who did not have personal knowledge of the facts contained therein nor a duty to ascertain the truth of those facts. Some of the items in the files may have been objectionable on materiality or hearsay grounds, but appellant had the burden of identifying for the trial court which items in the voluminous files were objectionable. *State ex rel Juv. Dept. v. Robinson,* 31 Or App 1097, 572 P2d 336, *rev den* 281 Or 531 (1978). Appellant's general objections did not give the trial court an adequate opportunity to make a proper ruling and did not preserve the objections for appeal. *State ex rel Juv. Dept. v. Robinson, supra.* Moreover, appellant's reliance upon ORS 419.567(2) and (3)[2] for the proposition that files relating to the parent's treatment of other children are absolutely inadmissible in a termination proceeding regardless of the bearing they may have on the issue of the parent's present fitness is patently erroneous.

■ Appellant also objected to the introduction of three psychiatrists' reports, each offered at the conclusion of the respective psychiatrist's testimony, solely on the

---

[2]ORS 419.567(2) and (3):

"(2) Reports and other material relating to the child's history and prognosis are privileged and, except at the request of the child, shall not be disclosed directly or indirectly to anyone other than the judge of the juvenile court, those acting under his direction and to the attorneys of record for the child or his parent or guardian. The attorneys are entitled to examine and obtain copies of any reports or other material relating to the child's history and prognosis. Any attorney who examines or obtains copies of such reports or materials shall be responsible for preserving their confidentiality and shall return the copies to the court upon the conclusion of his involvement in the case.

"(3) No information appearing in the record of the case or in reports or other material relating to the child's history or prognosis may be disclosed to any person not described in subsection (2) of this section without the consent of the court, and no such information may be used in evidence in any proceeding to establish criminal or civil liability against the child, whether such proceeding occurs after the child has reached 18 years of age or otherwise, except for the following purposes:

"(a) In connection with a presentence investigation after the guilt of the child has been admitted or established in a criminal court.

"(b) In connection with a proceeding in another juvenile court concerning the child or an appeal from the juvenile court."

ground that each was cumulative. Although the written reports do contain some information which was also included in the experts' testimony, each contains additional information. Appellant did not attempt to indicate to the trial court which parts were cumulative. The court properly exercised its discretion in admitting the reports. *Simmons v. Holm et al,* 229 Or 373, 367 P2d 368 (1961); *Gen. Constr. v. Ore. Fish Com.,* 26 Or App 557, 554 P2d 185 (1976), *rev den* (1977).

■■ We review de novo on the record (ORS 419.561(4), 19.125(3)), giving due regard to the findings of the trial court, which had an opportunity to observe the witnesses. *State ex rel Juv. Dept. v. Maves,* 33 Or App 411, 576 P2d 826 (1978). A detailed statement of facts is not warranted in this case. *State ex rel Juv. Dept. v. Maves, supra.* Our examination of the record persuades us that appellant's parental rights were properly terminated, because there was substantial evidence of present conditions seriously detrimental to the child which she has no demonstrated ability to alter.

Affirmed.