Argued April 20, affirmed July 5, 1978

In the Matter of Neil Watkins, Alleged to be a
Mentally Ill Person,
STATE OF OREGON, *Respondent,*
*v.*
NEIL WATKINS, *Appellant.*
(No. 44720, CA 10037)
581 P2d 90

John W. Savage, Portland, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

This appeal is from an order finding appellant to be a mentally ill person[1] and committing him to the Mental Health Division for treatment. The order was based on a finding that he was dangerous to others because of a serious mental disorder. Appellant contends that the record does not support the conclusion that he was dangerous to others at the time of the hearing and that testimony about his previous commitments should not have been admitted.

Our review of civil commitment orders is de novo. *State v. O'Neill,* 274 Or 59, 61, 545 P2d 97 (1976). However, where observation of witnesses is essential to resolution of factual issues, as is often true in civil commitment hearings, we accord substantial weight to the trial court's findings based on such observation. *Cf., Starin and Starin,* 29 Or App 557, 564 P2d 748 *rev den* (1977) (child custody). In this case, the trial judge stated that appellant's "rather threatening tone today is a pretty scary thing." Considering all the testimony and the trial judge's characterization of it, we have no reasonable doubt that appellant was dangerous to others at the time of the hearing.

No public purpose would be served by setting out the evidence supporting our conclusion in this case. *See, Sarty v. Forney,* 12 Or App 251, 253, 506 P2d 535 (1973). We do not intend to write detailed opinions in future civil commitment cases where the issues are essentially factual and a statement of the evidence would have little or no precedential value for courts or counsel. *See, State ex rel Juv. Dept. v. Maves,* 33 Or App 411, 413, 576 P2d 826 (1978); *Bowman v. Oregon Transfer Company,* 33 Or App 241, 243-45, 576 P2d 27

---

[1] ORS 426.005(2) provides:

" 'Mentally ill person' means a person who, because of a mental disorder, is either:

"(a) Dangerous to himself or others; or

"(b) Unable to provide for his basic personal needs and is not receiving such care as is necessary for health or safety."

(1978). While a written review of the facts in a civil commitment case occasionally may be necessary to clarify legal standards regarding dangerousness to others, *see, e.g., State v. Lucas,* 31 Or App 947, 571 P2d 1275 (1977), this is not such a case.

Appellant's contention that it was error to allow testimony about his prior commitments is based on *State v. O'Neill,* 274 Or at 70, and *State v. English,* 26 Or App 957, 554 P2d 201 (1976). Those cases held that the court may not take judicial notice of case files from prior commitment proceedings. The trial court did not do that in this case. Rather, it permitted the examining physicians to ask appellant about his prior commitments and the reasons for them. Such evidence was relevant to determining the nature and extent of appellant's mental disorder and to predicting his future conduct. The issue in *O'Neill* and *English* was competence of the evidence, not its relevance. Here there was no issue of authenticity of records because the appellant spoke from personal knowledge. Because the testimony was relevant, it was admissible.

Affirmed.