Argued May 19, 1978, reversed February 6, father's reconsideration denied February 27, mother's reconsideration denied March 13, Sup Ct review denied March 13, 285 Or 479, Sup Ct review denied April 17, 1979, 286 Or 149

In the Matter of McDonald, Denise, a minor child.
## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY et al, *Respondents,*
*v.*
## McDONALD, *Appellant.*
(No. 51,470, CA 9794)

590 P2d 289

Marilyn Nichols, Portland, argued the cause for appellant. With her on the brief was Henry M. Silberblatt, Certified Law Student, Portland.

Kurt Engelstad, Portland, argued the cause for respondent mother. With him on the brief was Elaine Steinke, Certified Law Student, Portland.

Michael Jordan, Portland, argued the cause and filed the brief for respondent father.

No appearance for respondent State of Oregon.

Before Schwab, Chief Judge, and Tanzer,* and Gillette, Judges.

GILLETTE, J.

---

*Tanzer, J., *vice* Johnson, J., who resigned December 18, 1978.

## GILLETTE, J.

The child appeals from an order of the juvenile court denying termination of the parental rights of the mother and father. The case was held in abeyance while this court determined whether an appeal by the child will lie in such case. It will. *State ex rel Juv. Dept. v. East,* 38 Or App 59, 589 P2d 744 (1979). On the merits, we reverse the order of the trial court and direct that the rights of the parents be terminated.

■ While our review in these cases is *de novo,* we give deference to the trial court because the trial court is in the best position to evaluate the parties and the witnesses. *State ex rel Juv. Dept. v. Maves,* 33 Or App 411, 415-416, 576 P2d 826 (1978). The trial court concluded that termination was appropriate. Rather than order termination, however, it gave the parents another six-month opportunity to improve their respective conditions. One can understand the sympathy of the trial court for any parents in this situation but where, as here, the conditions leading to termination are long-term and where, as in every case, the child's opportunity for adoption diminishes as time passes, a delay in the inevitable result is unwise and unfair to the child.

Under ORS 419.523(2), our inquiry is whether the:

"* * * parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the forseeable [*sic*] future due to conduct or conditions not likely to change.* * *"

In making that determination, subsections (c) and (e) of that statute require that we consider

"(c) Addictive use of intoxicating liquors or narcotic or dangerous drugs.

"* * * * *

"(e) Lack of effort of the parent to adjust his circumstances, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social

agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

The child is now 12 years old. She has been in foster care almost continuously since August, 1974. She desires never to return to live with either parent again because of her disastrous prior experiences with each of them. It is agreed that reintegration into the mother's home would be a painful, lengthy and probably unsuccessful process. Reintegration with the father appears equally improbable and undesirable. The girl has found a secure and wholesome home with her foster parents and strongly desires to be adopted by them. It is a good family and they wish to adopt her.

The father is a chronic alcoholic who has failed several treatment programs. A psychiatrist gives him no reasonable prospect for successful rehabilitation. The child lived with him for a while and profoundly fears him because of that experience.

The mother has had antipathy toward the daughter since her infancy. She has twice placed the child in foster care (once with her other children, once alone) and she was agreeable to a termination of rights until after these proceedings were commenced. She has moved with her two younger children to Tacoma to live with a much younger boyfriend and has rarely visited her daughter despite opportunities to do so.

■ Applying the statutory standard, we find that the parents are unfit by reason of conduct or conditions seriously detrimental to the child and that integration of the child into the home of either parent is improbable in the foreseeable future due to conduct or conditions not likely to change. Further delay in decreeing the termination will serve no useful purpose.

Reversed.